STATE OF TENNESSEE ex rel. DONALD STEWART ANDERSON
and ESTLE LEE JOHNSON

*v.*

JOHN D. WINSETT, Warden, etc.

399 S.W.2d 741.

(*Knoxville,* September Term, 1964.)

Opinion filed June 2, 1965.

CHARLES HYATT BROWN, Knoxville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, for the Warden.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The plaintiffs in error, as petitioners, filed a petition for the writ of habeas corpus, alleging that they were convicted in the Criminal Court of Anderson County for the crime of armed robbery, or robbery while armed, and sentenced to serve fifteen (15) years in the State penitentiary. In essence the ground alleged in the petition is that there is no such offense as armed robbery, because

the Legislature has never created such an offense, but has only fixed a punishment for the so-called crime of armed robbery.

A motion was filed on behalf of the Warden to dismiss alleging that the petition did not show on its face sufficient grounds for relief. A hearing was held upon the petition and motion to dismiss, relief was denied the petitioners, and they were remanded to the custody of the Warden to complete serving the sentences imposed upon them originally. From this action of the trial judge these petitioners have seasonably perfected an appeal. We appointed counsel to represent them here, and he has very ably presented some rather interesting questions in their behalf, in oral argument and brief, before this Court. We extend our thanks and appreciation for this service of counsel.

The argument in behalf of the petitioners is that there is no such crime as armed robbery in this State today, and that such only exists as a penalty. The argument seems to be that there could be no penalty for armed robbery as was fixed by Chapter 72, Public Acts of 1955, unless there had first been the crime of armed robbery adopted and defined by the Legislature. Thus it is said that Chapter 72 of the Acts of 1955, which has been codified at the present time with the crime of robbery, is unconstitutional because there was no such crime in this State as armed robbery.

Prior to the enactment of Chapter 72, Public Acts of 1955, the old 1932 Code of Tennessee carried two sections, to-wit, 10802 and 10803. The first of these sections defined robbery, while the second of these sections fixed a penalty for robbery. It was this Section that Chapter 72, Acts of 1955, amended. Robbery in this State is de-

fined by statute (the first part of T.C.A. 39-3901), and this is clearly a statute definition of the crime of common law robbery. The only difference is in the statutory crime there is added the words, ''and forcible''.

The statute under which these petitioners were convicted is now carried at sec. 39-3901, T.C.A. This section defines robbery and provides for a penalty of five to fifteen years, but there is a proviso that, if robbery be accomplished by the use of a deadly weapon, the punishment shall be death by electrocution or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten years.

In 54 C.J., at page 1010, it is said:

''In a generic sense larceny and robbery are but different degrees of the same crime, robbery being merely an aggravated form of larceny or theft, the aggravation consisting of the use of actual or constructive violence against the person or the victim. In other words, robbery may be briefly defined as a forcible larceny from the person. While robbery has been termed an aggravated form of larceny, it is a distinct crime. There can be no robbery without violence, and no larceny with it. Therein lies the principal distinction between laceny, including larceny from the person, and robbery. A further distinction is that the crime of larceny may or may not include a taking from a person or presence, whereas the crime of robbery must include such a taking.'' See also, 52 C.J.S. Larceny sec. 1.

It is violence that makes robbery an offense of greater atrocity than larceny. Thus it is, that the common law adopted a definition of robbery and we have adopted it by statute, supra. When the Legislature determined in

1955 to amend the penalty statute for the crime of robbery, it was obvious that robbery by the use of a deadly weapon was dangerous to life for many reasons, and thus it was that the act was amended to make the penalty for the crime of robbery with a deadly weapon as stated above, to try to prevent the use of a deadly weapon in the perpetration of a robbery. By so adding this increased punishment for the increased gravity of the crime does not create a separate or distinct offense, but merely provides for increased punishment of such offender because of the presence of aggravating circumstances.

We in effect in *Stinson v. State,* 208 Tenn. 159, 344 S.W.2d 369, recognized that the only change the 1955 Act, herein referred to, made was a change in the punishment. It has been the practice in this State as a procedural matter to treat simple robbery and armed robbery under the same statute, as being different degrees of the same crime. When an indictment is premised under this statute the different sections of the indictment may specify the facts as to what the accused is indicted for, and unless he is charged with committing the crime of robbery with a deadly weapon, clearly we have held that he does not come under this provision of the penalty part of the act. He merely comes under the provisions and penalty of the simple robbery division. This seems logical and just to us and we cannot see how these petitioners have been prejudiced in any way herein. See Wharton's Criminal Law & Procedure, Volume 2, page 243, sec. 546.

The judgment below is affirmed.