Lawrence .R. FREEMAN, Jr.,
Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Sept. 18, 1974.

Certiorari Denied by Supreme Court
March 3, 1975.

Monte D. Curry and Jack Hicks, Asst. Public Defenders, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Michael D. Noel, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

Freeman, represented in his trial and here by members of the Metropolitan (Davidson County) Public Defender's staff, is in this Court by an appeal in the nature of a writ of error contesting the validity of his armed robbery conviction, for which he was sentenced to imprisonment in the State Penitentiary for 25 years. A co-defendant, Leroy Bracey, was granted a severance.

Upon motion of this defendant, the trial court granted him a separate trial upon the question of his sanity at the time of the offense, and that jury found him to be sane at that time. At the later trial on the issue of guilt or innocence, before another jury, the defendant stood mute when asked to plead and the trial judge entered a plea of not guilty for him (TCA § 40-2309).

The defendant's first Assignment of Error raises the usual challenge to the sufficiency of the evidence to warrant and support the verdict. He neither testified nor presented any evidence. In summary, the State's evidence shows that about 10:30 a.m. on Saturday, February 5, 1972, the defendant and his co-defendant Bracey, with pistols drawn, entered the Wolk Jewelry Store in Nashville while only store personnel were present and ordered the proprietor to unlock the jewelry display cases and place the contents into a large bag (resembling a laundry bag or mail sack) one of them carried. This defendant stood behind one display case and watched the door while Bracey supervised and participated in emptying the showcases into the bag. As a result of someone in the store activating the burglar alarm connected with police headquarters, a police officer approached the front door while watches and assorted jewelry were being put into the bag. Freeman called out "Heat" to Bracey, who asked, "How many?" and Freeman replied, "One." Freeman then placed his .45 automatic pistol against the head of the proprietor's wife and told Bracey, "Don't worry, I have her covered."

When the policeman reached the front door, Bracey called out to him, "Come in and drop your gun." The policeman retreated to the street and Bracey followed and fired at him and the officer returned the fire and Bracey was captured at the

rear of the jewelry store. Freeman looked for a rear entrance and, failing to find one, he removed his disguise, a mustache and wig and a coat and dropped those items to the floor, and then forced the watch repairman to accompany his outside as a hostage. Freeman then fled into a nearby store where he was apprehended, still in possession of his .45. They left the partially filled bag behind. These men were in the jewelry store the day before and looked around, on the pretext that Freeman was looking for a gift for his wife. Both were positively identified as the robbers by all the store personnel.

Considered in the light of the well-known legal principles governing appellate review of the evidence in criminal cases when its sufficiency is challenged on appeal, Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Shadden v. State, 2 Tenn.Cr.App. 450, 455 S.W.2d 164; Cagle v. State, Tenn.Cr.App., 507 S.W.2d 121, manifestly the defendant has failed to carry the burden resting upon him to demonstrate in this Court that the evidence preponderates against the verdict and in favor of his innocence.

■ It is immaterial that in their haste to flee and avoid capture, these robbers left the bag of jewelry behind. Of course, robbery is merely an aggravated type of larceny. Watson v. State, 207 Tenn. 581, 341 S.W.2d 728; State v. Winsett, 217 Tenn. 564, 399 S.W.2d 741. In *Winsett*, the Court said:

"In 54 C.J., at page 1010, it is said:

'In a generic sense larceny and robbery are but different degrees of the same crime, robbery being merely an aggravated form of larceny or theft, the aggravation consisting of the use of actual or constructive violence against the person or the victim. In other words, robbery may be briefly defined as a forcible larceny from the person. While robbery has been termed an aggravated form of larceny, it is a

distinct crime. There can be no robbery without violence, and no larceny with it. Therein lies the principal distinction between larceny, including larceny from the person, and robbery. A further distinction is that the crime of larceny may or may not include a taking from a person or presence, whereas the crime of robbery must include such a taking.' See also, 52 C.J. S. Larceny § 1."

■ The slightest movement of personalty by trespass is sufficient carrying away or asportation to constitute larceny. Caruso v. State, 205 Tenn. 211, 326 S.W.2d 434. "In order to constitute an asportation of goods it is not necessary that they should be removed from the building or premises in which they are kept or from the vehicle in which they are being transported, but any removal of the property or goods from their original status, such as would constitute a complete severance from the possession of the owner, constitutes an asportation or carrying away, even though the transfer of possession existed for a very brief period of time. Thus the act of a thief in putting an article into his pocket or into a basket or sack which he carries is an asportation, even though he never leaves the owner's premises." 52A C.J.S. Larceny § 6(b), pp. 426–427.

■ The defendant's second and fourth Assignments will be considered together. The specific insistence advanced by his second Assignment, that the court erred in failing to grant his motion for a directed verdict, is that the armed robbery amendment to T.C.A. § 39-3901 (Chapter 72, Acts of 1955) which re-wrote the robbery punishment statute to read as follows: "Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five nor more than fifteen years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the Jury may commute the punishment to imprisonment for life or for

any period of time not less than ten years," " . . . should be declared unconstitutional in its entirety and severed from the robbery statute as originally promulgated," because discretionary capital punishment was outlawed by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

In the first place, at the date of the defendant's trial on June 21, 1973, the words "death by electrocution, or the Jury may commute the punishment to," had been deleted from TCA § 39–3901 by Section 4, Chapter 192 of the Acts of 1973, which became effective on 8 May 1973. Accordingly, the trial judge instructed the jury that the punishment for armed robbery was imprisonment for life or for any period of time not less than 10 years. Thus, the defendant was not charged with a capital offense. This complaint is unfounded.

■ Moreover, just as plainly, the defendant was in no way prejudiced, and his trial and sentence are not invalid by reason of the fact that the Supreme Court of this State later held Chapter 192 of the Acts of 1973 unconstitutional and void. (State v. Hailey, Tenn., 505 S.W.2d 712, filed at Nashville February 4, 1974). As noted, Section 4 of Chapter 192 of the Acts of 1973 only removed the death penalty as a punishment for armed robbery. Obviously, the defendant has no standing to insist that he should have been charged with and tried for a capital offense, under TCA § 39–3901 as that statute read before the 1973 amendment, and subjected to the possibility of the death sentence for his crime of armed robbery. That amendment neither abolished nor changed the statutory definition of robbery or armed robbery.

■ Also without any basis is the Assignment complaining of admission of testimony about the defendant stealing an automobile. After testifying that he advised the defendant of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, Police Sergeant Rivers testified, without any defense objection, that the defendant declined to sign a waiver but did proceed to make an oral statement. The officer was asked and testified:

"Q. What did Mr. Freeman tell you after you advised him of his rights?

A. He stated that he and Leroy Bracey had come to Nashville the week prior and had cased the Wolk Jewelry Company on several occasions and on the particular day, on the 5th, when they came, that he and Leroy went to the jewelry store and attempted to rob it, or did rob it, and the police shot at him.

Q. Now, did he tell you anything about any preparations prior to the actual robbery, in addition to casing the store.

A. Yes, sir, they stole a car on 21st Avenue, I believe it was a '56 gray Chevrolet, and stashed it seven blocks away and on the day of the robbery they went back and picked it up and drove it to the scene.

Q. Did he tell you what this car was to be used for?

A. Yes, sir.

Q. What was that?

A. To rob the jewelry store, to get away in."

■ Aside from the fact that under the settled law the defendant is precluded from complaining about the foregoing testimony of the police officer because he raised no objection to it, Bryant v. State, Tenn.Cr. App., 503 S.W.2d 955; Crawford v. State, 4 Tenn.Cr.App. 142, 469 S.W.2d 524, upon this record we fail to perceive how the defendant could have been prejudiced by that testimony.

■ We cannot consider the defendant's Assignment complaining that the trial judge

declined to charge the jury his two specially requested instructions, because no requested special charges are included in the Bill of Exceptions or authenticated by the trial judge as a part thereof. Shye v. State, Tenn.Cr.App., 506 S.W.2d 169; Wheeler v. State, 220 Tenn. 155, 415 S.W. 2d 121.

■ There is no merit in the defendant's Assignment that he was furnished an incorrect transcript of his sanity hearing, nor in his final complaint that the court failed to define correctly the offense of assault with intent to commit armed robbery. Additionally, this last contention was not raised in the defendant's motion for a new trial and, no constitutional question being involved, it cannot be raised for the first time in this Court. Nelson v. State, 4 Tenn.Crim.App. 228, 470 S.W.2d 32; Jenkins v. State, Tenn.Cr.App., 509 S.W.2d 240.

Affirmed.

MITCHELL and DWYER, JJ., concur.