IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TONY FITZ

**An Appeal from the Circuit Court for Tipton County**
**No. 3208     Joseph H. Walker, Judge**

---

**No. W1997-00186-SC-R11-CD - Decided April 10, 2000**

---

A jury convicted the defendant of robbery, which is statutorily defined as the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." On appeal to the Court of Criminal Appeals, the defendant argued that his indictment alleged only robbery by violence, that the victim testified that he was placed in fear but was not hurt, and consequently, that the evidence was insufficient to support the robbery conviction because the defendant employed "force," which is statutorily defined, but not "violence," which is not statutorily defined. The Court of Criminal Appeals affirmed the robbery conviction, finding that the evidence was sufficient to support the jury's verdict and defining the term "violence" as synonymous with the term "force." The Tennessee Supreme Court granted the defendant's application for permission to appeal and concluded that "violence" involves physical force unlawfully exercised so as to injure, damage or abuse, and further, that the evidence in this case is sufficient to satisfy the element of "violence." Accordingly, the Tennessee Supreme Court affirmed the Court of Criminal Appeals on the separate grounds stated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed.**

ANDERSON, C. J., delivered the opinion of the Court, in which DROWOTA, BIRCH, HOLDER, and BARKER, JJ., joined.

Frank Deslauriers, Covington, Tennessee, for the appellant, Tony Fitz

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Peter Coughlan, Assistant Attorney General, Nashville, Tennessee (On Appeal); and Elizabeth T. Rice, District Attorney General and Walt Freeland, Assistant District Attorney General, Somerville, Tennesseee (At Trial), for the appellee, State of Tennessee

## OPINION

CHIEF JUSTICE ANDERSON delivered the opinion of the Court.

We granted this appeal to determine whether the evidence is sufficient to establish the element of "violence" to support the defendant's conviction for robbery.

The offense of robbery is "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). Although the element of "violence" is not defined in the statutes, the Court of Criminal Appeals upheld the conviction after concluding that violence is synonymous with "force," which is statutorily defined as "compulsion by the use of physical power or violence." Tenn. Code Ann. § 39-11-106(a)(12) (1997).

In our view, "force" and "violence," while obviously related, are not synonymous and were not intended to be used interchangeably under our legislative scheme. Instead, to determine the definition of "violence" as used in the offense of robbery, we turn to its plain meaning, i.e., physical force that is unlawfully exercised or exerted so as to injure, damage or abuse.[1] Because the evidence in this case is clearly sufficient to satisfy the defined element of violence, we nonetheless affirm the Court of Criminal Appeals' judgment.

## Background

On November 9, 1996, after 11:00 p.m., the defendant, Tony Fitz, asked to cash a check in a convenience store. The counter clerk, Charles Rice, told Fitz that he accepted local checks, and Fitz stepped aside as Rice completed a sale with another customer. When Rice opened the cash register, Fitz shoved Rice with both hands in an "aggressive manner," knocking him backward, and causing him to "fall into the cigarette display behind [him]." Rice testified that he was stunned and afraid but not hurt. Fitz reached into the cash drawer and fled from the scene with about forty dollars. Rice discovered that Fitz had left his wallet and identification, including his parolee identification card, on the counter.

The jury found Fitz guilty of robbery. The Court of Criminal Appeals affirmed the conviction after finding the evidence sufficient to support the jury's verdict. With regard to the element of "violence," the court specifically held:

> [T]here is no doubt that by the very definition of [force and violence], the guidance provided by the code's definition of "force," and the harm sought to be prevented by making robbery a criminal offense that the terms "force" and "violence" may be used interchangeably and synonymously. Accordingly, the element of "violence" as contemplated by Tenn. Code Ann. § 39-13-401, is satisfied by a showing that the perpetrator exerted some type of <u>physical force</u> upon the victim.

(footnote omitted). We granted Fitz's application for permission to appeal.

---

[1]     See Black's Law Dictionary 1570 (6th ed. 1990).

**Analysis**

We begin our analysis by observing that the issue before us is unusually narrow. As stated above, robbery is the "intentional or knowing theft of property from the person of another by violence <u>or</u> putting the person in fear." Tenn. Code Ann. § 39-13-401 (emphasis added). The indictment in this case charged only that the offense was committed by violence – it did not charge that the offense was committed by putting the victim in "fear." Accordingly, even though in many robbery cases the evidence will satisfy both prongs, we address in this case only the definition of "violence" and whether the evidence satisfies that definition.

The parties agree that "violence" is not defined in the statutes. Fitz contends that he used "force" but not "violence" in committing the offense and that he is therefore guilty only of the lesser offense of theft.[2] The State argues, however, and the Court of Criminal Appeals agreed, that the evidence is sufficient to establish the robbery conviction because the element of "violence" is synonymous with "force," which is defined as "compulsion by the use of physical power or violence." Tenn. Code Ann. § 39-11-106(a)(12). The Court of Criminal Appeals also noted that the definition of "force" is to be "broadly construed to accomplish the purposes" of the statute. <u>Id.</u>

A basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. <u>State v. Pettus</u>, 986 S.W.2d 540, 544 (Tenn. 1999). We begin by looking to the language of the statute and applying its plain meaning. <u>Riggs v. Burson</u>, 941 S.W.2d 44, 54 (Tenn. 1997). Where an ambiguity exists in the language and meaning of a statute, we must look to the entire statutory scheme in seeking to ascertain legislative intent. <u>Owens v. State</u>, 908 S.W.2d 923, 926 (Tenn. 1995).

Because "violence" is not defined within the Code, we turn to other sources to determine its meaning. According to <u>Black's Law Dictionary</u>, "violence" is defined as: "[u]njust or unwarranted exercise of force . . . [p]hysical force unlawfully exercised; abuse of force . . . [t]he exertion of any physical force so as to injure, damage or abuse." <u>Id.</u> at 1570. Similarly, <u>Webster's</u> defines violence as "exertion of any physical force so as to injure or abuse." <u>Webster's Third New International Dictionary of the English Language – Unabridged</u> 2554 (1993). These definitions, collectively, reveal that violence and force are obviously related but not synonymous – in effect, violence is a more severe degree of force. Stated another way, a violent act necessarily involves force but a forcible act does not necessarily involve violence.

We believe that this distinction is further apparent when the present robbery statute is contrasted with its predecessor. The former version of robbery required "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person

---

[2]     "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997).

in fear." Tenn. Code Ann. § 39-2-501(a) (1982) (repealed).[3] The legislature has defined "force" statutorily and could have chosen to retain "force" as an element of robbery; instead, it deleted "force" while retaining the element of "violence." We must presume that the legislature knew of the existing state of the law when passing legislation. Riggs, 941 S.W.2d at 54.[4]

Finally, we observe that the distinction, while largely a matter of degree, is perhaps most evident when contrasting robbery with the lesser offense of theft. As one court has observed:

> The ordinary pickpocket is guilty of larceny from the person, rather than robbery, because there is neither violence nor intimidation involved in the perpetration of the theft. The force used to bring about the theft is only that amount of force needed to lift and remove the property and is not of the class of violence essential to robbery.

Commonwealth v. Davis, 385 N.E.2d 278, 279 (Mass. App. Ct. 1979) (citation omitted); see also State ex rel Anderson v. Winsett, 399 S.W.2d 741, 743 (Tenn. 1965) ("It is violence that makes robbery an offense of greater atrocity than larceny."); Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.11(d), at 781 (2d ed. 1986) ("line between robbery and larceny from the person (between violence and lack of violence) is not always easy to draw.").

In our view, relying on the statutory definition of force does not assist in drawing this distinction. As stated above, force is defined as "compulsion by the use of physical power or violence." Tenn. Code Ann. § 39-11-106(a)(12) (emphasis added). In short, "compulsion by the use of physical power" may indeed be force but it need not be violence. A theft of a wallet from the pocket or purse of an unknowing or unresisting victim, for example, may require "compulsion by

---

[3] Our decisions under this statute therefore often appeared to use the terms interchangeably. Morgan v. State, 415 S.W.2d 879, 881 (Tenn. 1967) ("[t]hese acts of violence clearly constituted a 'felonious and forcible taking'"); James v. State, 385 S.W.2d 86, 88 (Tenn. 1964) ("[i]n many robberies both violence (force) and fear are present"). A closer analysis, however, reveals that in reviewing the sufficiency of the evidence, the focus was often on whether a sufficient degree of force, i.e., violence, was present. As this Court emphasized in State ex rel Anderson v. Winsett, 399 S.W.2d 741 (Tenn. 1965), "[i]t is violence that makes robbery an offense of greater atrocity than larceny." Id. at 743.

[4] We also observe that "force" and "violence" appear to be used a separate concepts in other portions of the Code. E.g., Tenn. Code Ann. § 39-13-501(a) (1997) ("coercion" is the threat of "force or violence"); Tenn. Code Ann. §§ 39-17-1307(b)(1)(A) (1997) (proscribing possession of a handgun by one who has been convicted of a felony involving "force, violence or a deadly weapon"); Tenn. Code Ann. § 39-17-1352(a)(4) (1997) (suspension or revocation of handgun permit of one arrested for felony involving "force, violence or a deadly weapon or a felony drug offense").

the use of physical power" but not violence. See LaFave & Scott, § 8.11(d), at 781.[5] Accordingly, the present robbery statute, by using the term "violence" and not "force," sharpens the focus on the necessary element to establish robbery.

We now must determine whether the evidence in this case is sufficient to meet our definition of violence so as to support the conviction for robbery. When evaluating the sufficiency of the evidence, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). We are required to afford the prosecution the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions regarding the credibility of witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact. Id.; State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

We have no hesitancy in determining that the evidence satisfies the elements of the offense. Fitz entered the convenience store and asked to write a check. When the clerk opened the cash register, Fitz shoved the clerk with both hands in an "aggressive manner," knocking the clerk backward into a cigarette display. Fitz then grabbed cash from the register and fled. Although the clerk was not hurt, he was stunned and afraid. These facts clearly establish that the offense was committed with violence, that is, physical force unlawfully exercised so as to injure, damage or abuse.

### Conclusion

We have concluded that the plain meaning of the element of violence as used in the offense of robbery pursuant to Tenn. Code Ann. § 39-13-401 is evidence of physical force unlawfully exercised so as to damage, injure or abuse. We further conclude that the evidence in this case is sufficient to satisfy the element and to support the conviction for robbery. The judgment of the Court of Criminal Appeals is therefore affirmed. It appearing that the defendant Tony Fitz is indigent, costs of appeal are taxed to the State.

---

[5]    Of course, as a practical matter, robbery may otherwise be established if the defendant's actions, if not meeting the definition of violence, are sufficient to satisfy the element of "fear" contained in the robbery statute. James v. State, 385 S.W.2d at 86 (either element is sufficient to constitute the crime). As noted above, however, the "fear" prong was not alleged in the indictment in this case.