IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2001

## STATE OF TENNESSEE v. DONALD MAYS

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 99-10842, 43      Joseph B. Dailey, Judge**

_____

**No. W2001-00030-CCA-R3-CD - Filed February 7, 2002**

_____


The Appellant, Donald Mays, appeals the verdict of a Shelby County jury finding him guilty of one count of aggravated robbery and two counts of especially aggravated kidnapping. Mays was sentenced to 30 years for aggravated robbery and to 60 years on each count of kidnapping. The kidnapping sentences were ordered to be served concurrently, but consecutive to the aggravated robbery sentence, for an effective sentence of 90 years. On appeal, Mays raises the following issues for our review: (1) whether the evidence presented at trial is sufficient to support the verdict; (2) whether there was a material variance between the indictment and the proof; and (3) whether Mays' two convictions for kidnapping constitute double jeopardy. After review, we find Mays' multiple convictions for kidnapping violate double jeopardy principles. Accordingly, one count of kidnapping is dismissed. In all other respects, the remaining judgments of conviction are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Vacated and Dismissed in Part;**
**Affirmed in Part.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

AC Wharton, Jr., Shelby County Public Defender; W. Mark Ward, Assistant Shelby County Public Defender, Memphis, Tennessee, for the Appellant, Donald Mays.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer Nichols, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On June 17,1999, at approximately 8:00 a.m., Viola Taylor and her nineteen-year-old daughter, Dayton Smith, drove into downtown Memphis to pay a bill. Ms. Taylor parked her car in an alley near the rear entrance of the Jefferson Building and entered the building to pay the bill. Miss Smith waited in the front passenger seat of the 1991 Toyota Corolla. The front windows were rolled down and the vehicle was unlocked. Ms. Taylor left the keys in the ignition so her daughter could listen to the radio.

As Miss Smith waited in the vehicle, the Appellant approached the car from behind, got into the driver's seat, and "pulled a gun" on Miss Smith. The Appellant commandeered the vehicle and as he drove away, he explained that he had just gotten out of jail and needed some money. The Appellant asked Smith if she wanted to accompany him, but she replied "no." The Appellant demanded that Smith give him "everything [she] had." Smith complied and gave him two rings worth approximately $500. As the Appellant drove, he searched Smith by grabbing her bra and trying to look down her shirt.

Despite Smith's repeated requests to let her out of the vehicle, the Appellant continued to drive recklessly. The Appellant did not stop at intersections and traveled at a high rate of speed. Smith testified that she repeatedly asked the Appellant to slow down because she was frightened, but he refused. As the Appellant slowed down to proceed through an intersection on Lauderdale, Smith opened the door to the vehicle and jumped out. Although she injured her arm and leg, she managed to run back to Jefferson where her mother was waiting with a security officer and the Memphis Police.

Approximately two weeks later, the Appellant approached Derrick Houston, a resident of West Memphis, Arkansas, and discussed rental of the stolen Toyota. The Appellant offered to let Houston rent his car for an hour. Houston agreed and rented the car for $9 and a rock of cocaine. Houston and his girlfriend spent the night riding around in the vehicle. At approximately 4:30 a.m., Houston was pulled over by law enforcement officers in Arkansas for driving a stolen vehicle. Houston informed officers that he had rented the car from the Appellant. At trial, Houston identified the Appellant as the person who had rented him the stolen vehicle.

In August of 1999, Miss Smith was shown a photo line-up consisting of six men. Smith immediately identified the Appellant as being the person who kidnapped her and stole her mother's vehicle. Smith testified that she had no doubt that the Appellant was the person who committed these crimes. A week prior to trial, Taylor was changing a flat tire when she discovered a white glove under her spare tire in the trunk of the car. The name "Mays" was written on the glove.

# I. Double Jeopardy

The Appellant was indicted upon two separate counts of especially aggravated kidnapping. Count 1 charged that the Appellant did unlawfully "remove" the victim by use of a deadly weapon, while Count 2 charged that the Appellant did "confine" the victim by use of a deadly weapon, both violations of Tennessee Code Annotated § 39-13-305. The offense of especially aggravated kidnapping is committed when a person "knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty," Tenn. Code Ann. § 39-13-302(a), and "is accomplished with a deadly weapon . . .," Tenn. Code Ann. § 39-13-305(a)(1). The Appellant was convicted under both counts of the indictment. He contends, however, that dual convictions for especially aggravated kidnapping violate the double jeopardy provisions of both the Tennessee and United States Constitutions. Specifically, he argues that permitting both convictions to stand, in effect, allows the State to create "separate criminal offenses arising from one kidnapping." The State concedes the error.

Constitutional provisions protect a person from more than once being placed in jeopardy of conviction of a crime. U.S. Const. amends. V, XIV; Tenn. Const. art. I, § 10. For offenses to support multiple convictions, they must be "wholly separate and distinct." *State v. Goins*, 705 S.W.2d 648, 650 (Tenn. 1986).

In *State v. Phillips*, 924 S.W.2d 662 (Tenn. 1996), our supreme court set forth principles to be considered when determining issues of double jeopardy:

(1) A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;

(2) If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and

(3) Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

*Id.* at 665.

The State concedes that separate convictions for kidnapping are not warranted because the same evidence was used to prove both offenses, and both charges related to and grew out of one criminal episode. Only one period of continuous unlawful confinement occurred. The victim's confinement began when the Appellant entered the vehicle, pointed a gun at the victim, and drove off with the victim in the passenger seat. Confinement continued until the victim jumped from the car as the Appellant slowed near a stop sign. A single, wrongful act may not furnish a basis for more than one criminal prosecution. *Phillips*, 924 S.W.2d at 665. Because we find double jeopardy has

occurred, we vacate and dismiss Count 1 of the Appellant's convictions for especially aggravated kidnapping and the accompanying sentence.

## II. Sufficiency of the Evidence

The Appellant argues that the evidence presented at trial is insufficient to support the verdict. As such, we examine the Appellant's remaining conviction for especially aggravated kidnapping under Count 2 of the indictment and his conviction for aggravated robbery under a sufficiency review of the evidence.[1] The Appellant contends that the evidence of his identity as the culprit is insufficient under the *Jackson v. Virginia* standard. The Appellant asserts that his conviction is based solely upon one eyewitness identification, Derrick Houston.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e).

In the present case, Miss Smith testified at trial that the Appellant entered her vehicle, "pulled a gun on her," and demanded anything of monetary value. The Appellant took Smith's jewelry. As the Appellant was driving, Miss Smith asked the Appellant to let her out of the vehicle, but he refused. The Appellant finally jumped from the car as it was moving in order to escape. Two months after the incident, Smith positively identified the Appellant as the person who kidnapped her and took her mother's vehicle. Smith testified that she had no doubt whatsoever that the Appellant was her kidnapper. Furthermore, Houston testified that he had "rented" the stolen vehicle from the Appellant only hours before being pulled over by law enforcement officers. Finally, Taylor testified that she found a glove bearing the Appellant's last name under the spare tire. Taking the evidence presented at trial in the light most favorable to the State, we find that the evidence was clearly sufficient to support the Appellant's convictions for aggravated robbery and especially aggravated kidnapping. This issue is without merit.

---

[1] Robbery is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). Robbery becomes aggravated when it is accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon or where the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-402(a)(1) and (2).

-4-

## III. Indictment

The Appellant argues that a material variance exists between the proof established at trial and the indictment that charges him with aggravated robbery. Specifically, he contends that he was charged with robbery by violence, but that the evidence introduced at trial only established that the robbery was committed by putting the victim in fear. *See* Tenn. Code Ann. § 39-13-401(a) (robbery "is the intentional or knowing theft of property from the person of another by violence *or* putting the person in fear").

As correctly asserted by the Appellant in his brief, "a material variance occurs when a prosecutor attempts to rely at trial on theories and evidence that are not fairly embraced in the allegations of the indictment." *State v. Mayes*, 854 S.W.2d 638, 640 (Tenn. 1993). Conversely, where the proof and the indictment substantially correspond, there is no variance. Our robbery statute may be applied in two ways: (1) a taking of goods by violence; or (2) a taking of goods by putting the person in fear.

In the present case, the indictment charging the Appellant with aggravated robbery read in relevant part:

> [That the Appellant], and before the finding of this indictment, did unlawfully, knowingly, and violently, by use of a deadly weapon, to wit: a pistol, obtain from the person of Dayton Smith, two rings and a motor vehicle, all over the value of one thousand dollars but under the value of ten thousand dollars of the proper goods and chattels of Dayton Smith, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

In support of his argument that a material variance exists, the Appellant cites *State v. Fitz*, 19 S.W.3d 213 (Tenn. 2000), wherein our supreme court held that violence, as used in the offense of robbery, is evidence of physical force unlawfully exercised so as to damage, injure, or abuse. *Id.* at 217. Black's Law Dictionary defines abuse as "physical maltreatment." BLACK'S LAW DICTIONARY 11 (5th ed. 1979).

In *Fitz*, the defendant entered a convenience store and asked to write a check. When the clerk opened the cash register, the defendant shoved the clerk with both hands, knocking him into a cigarette display. The defendant then grabbed money out of the cash register drawer and fled. Our supreme court held that the defendant's actions were sufficient to establish that the robbery was committed with violence. *Fitz*, 19 S.W.3d at 217.

In this case, the Appellant unlawfully entered Smith's vehicle and began driving. After demanding her jewelry, the Appellant grabbed Smith's bra and looked down her shirt in an attempt to "search" her for more money. Although acknowledging that the question is close, we conclude that the Appellant's touching of the victim in a private area constituted physical force so as to abuse

and, thus, fulfills the definition of robbery committed with violence. Accordingly, we find that there was no variance between the indictment and the proof established at trial and that the evidence presented at trial was sufficient to support the Appellant's conviction for aggravated robbery through the use of violence, i.e. physical force unlawfully exercised so as to abuse.

## CONCLUSION

After review, we find that the Appellant's two convictions for especially aggravated kidnapping violate the double jeopardy provisions of both the United States and Tennessee Constitutions. Thus, the judgment of conviction for especially aggravated kidnapping as returned under Count 1 is vacated and dismissed. The Appellant's remaining convictions for especially aggravated kidnapping and aggravated robbery are affirmed.

_____
DAVID G. HAYES, JUDGE