# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2001

## STATE OF TENNESSEE v. TONY WALKER

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4859     Jon Kerry Blackwood, Judge**

---

**No. W2001-00929-CCA-R3-CD  - Filed March 25, 2002**

---

The Appellant, Tony Walker, appeals the verdict of a Fayette County jury finding him guilty of attempted aggravated robbery.  On appeal, Walker raises the single issue of whether the evidence is sufficient to support his conviction.  After a review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Thomas M. Minor, Somerville, Tennessee, for the Appellant, Tony Walker.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On October 16, 1999, at approximately 10:00 p.m., the Appellant, along with James Hill, Jr., entered Wayne's Grocery, a "mini-mart" store in Fayette County.  Hill was armed with a shotgun, and both men were wearing panty hose type stockings over their faces.  Hill "pointed at and waved [the gun] at everybody," telling them to "get on the floor."  The Appellant stood in the store entrance looking outside.  At the time, five people were in the store; three customers and two employees. Because no one in the store followed Hill's demands, he repeated the instructions several times.

Upon hearing the commotion, the store owner, Wayne Hampton, emerged from his office and walked to the front of the store.  Hampton observed Hill who was still "waving the shotgun around" and "telling people to get down on the floor." Hampton, recognizing Hill's voice, exclaimed, "I recognize who you are.  And why are you doing this?"  At this point, the Appellant

and Hill removed the stockings covering their faces. Hill then pretended he wanted to pawn the shotgun. Hampton, going along with the pretext, examined the single barrel shotgun and told Hill that he was not interested. After Hampton returned the shotgun to Hill, he advised Hill that he was calling the sheriff's department. At this point, Hill and the Appellant immediately left the store building. During this entire exchange, the Appellant, who was leaning against the wall beside the door and standing "there with his arms folded," did not speak. While the attempted robbery was in progress, one of the customers came to the cash register, got change, and returned to another part of the store to continue his game of pool. At some point the cash register was left unattended but the Appellant, who was within a few feet of the register, never attempted to steal any money.

On November 22, 1999, the Appellant and Hill were indicted for attempted aggravated robbery. On August 9, 2000, Hill was found guilty by a jury and a mistrial was declared as to the Appellant. Upon retrial by a jury on December 14, 2000, the Appellant was found guilty. The Appellant was sentenced to a term of fifteen (15) years as a Range III persistent offender.

## ANALYSIS

The Appellant argues that the proof was insufficient to establish that he knowingly attempted to obtain property from the victim by violence as charged in the indictment. A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).

In this case, the Appellant and his accomplice were indicted for attempted aggravated robbery based upon a theory of "violence" as opposed to "fear."[1] In *State v. Fitz*, 19 S.W.3d 213, 217 (Tenn.

---

[1]Robbery is defined as "the intentional or knowing theft of property from the person of another by violence *or* putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). The indictment charged in relevant part as follows:

> [T]hat James Hill, Jr. And [Appellant] did unlawfully, feloniously and knowingly attempt to commit the criminal offense of Aggravated Robbery, and obtain property from the person of Wayne

(continued...)

2000), our supreme court "concluded that the plain meaning of the element of violence as used in the offense of robbery pursuant to Tenn. Code Ann. § 39-13-401 is evidence of physical force unlawfully exercised so as to damage, injure or abuse." The Appellant argues that because his conduct did not involve physical contact or physical force so as to damage, injure or abuse another, as required by *Fitz*, his conviction cannot stand. In a recent decision, *State v. Allen*, No. E1998-00416-SC-R11-CD (Tenn. at Knoxville, Feb. 22, 2002) (for publication), our supreme court provided further guidance with regard to the definition of violence:

> Pointing a deadly weapon at [a] victim is physical force directed toward the body of the victim. There is no question that such force is unlawfully exercised so as to abuse the victim . . . . We reject the contention that pointing a gun at the victim does not constitute violence because there is no physical contact. This court did not hold in *Fitz* that physical contact is the sole means of establishing violence. While physical contact may rise to the level of violence, physical contact is not required to prove violence . . . .

Our law provides that "[a] person is criminally responsible as a party to an offense if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible or by both." Tenn. Code Ann. § 39-11-401 (1997). The proof in this case established that the Appellant and his accomplice, both wearing stockings which covered their faces, entered the grocery with the accomplice brandishing a shotgun and ordering the customers and employees to "get on the floor." The acts of the accomplice in "[pointing] at and [waving the shotgun] at everybody" constituted violence within the meaning of *Fitz* and *Allen*. The accomplice's display of the shotgun satisfied the element of aggravated robbery which requires that a robbery be "accomplished with a deadly weapon." Tenn. Code Ann. § 39-13-402(a) (1997). Moreover, we find the proof sufficient to permit a rational jury to conclude that the Appellant acted with the intent to promote or assist in the crime by serving as a "look-out" during the commission of the attempted aggravated robbery. Accordingly, we find the evidence legally sufficient to support the jury's verdict. The Appellant's judgment of conviction for attempted aggravated robbery is affirmed.

DAVID G. HAYES, JUDGE

[1](...continued)
Hampton, by violence accompanied with a deadly weapon, . . . with the intent to deprive Wayne Hampton of the property without Wayne Hampton's effective consent.