IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. ERIC THOMAS NOE

**Direct Appeal from the Criminal Court for McMinn County**
**No. 03-231    R. Steven Bebb, Judge**

_____

**No. E2004-00550-CCA-R3-CD - Filed January 7, 2005**

_____

Following a jury trial, the Defendant was convicted of robbery. He was sentenced to six years in the Department of Correction. On appeal he challenges the sufficiency of the convicting evidence and argues that the trial court erred in sentencing him to the maximum term of six years. We affirm the Defendant's conviction but modify his sentence to five years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. DAVID G. HAYES, J., filed an opinion dissenting in part.

Lee Ledbetter, Athens, Tennessee and Julie Rice, Knoxville, Tennessee, for the appellant, Eric Thomas Noe.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Amy Reedy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

At about midnight on June 4, 2003, Dorothy Rice was working as a cashier at a Wal-Mart store in Athens, Tennessee. Her shift ended at midnight, and she had just emptied the contents of her cash register drawer into a bag. A co-worker, Debbie McDowell, was standing near her at the cash register, preparing to assume the duties of cashier at that register for the upcoming shift. At that moment, a man whom Ms. McDowell identified as the Defendant, came up behind Ms. Rice and according to Ms. McDowell, "pushed her, reached over her shoulder and grabbed the money bag off the till." Ms. McDowell tried to grab the bag, but the Defendant fled out the store with it. Ms. McDowell testified that she had known the Defendant for two-and-a-half or three years and was absolutely certain that the man who pushed Ms. Rice and fled with the money bag was the Defendant.

Ms. Rice did not see the perpetrator's face but testified that she had just finished putting the contents of the cash register into the bag, "[A]nd then somebody pushed me into the counter, and pushed me on the shoulder, grabbed the bag, and all I saw was a hand. . . ." She testified that the contact with the Defendant hurt her shoulder, and stated that her shoulder was sore for a couple of days thereafter. She stated that the force of the Defendant's contact was such that the cash register drawer or "till" was knocked to the floor. She also stated that the incident happened very quickly and that she did not actually become frightened until after the Defendant had fled.

The next morning the Defendant was arrested at his grandmother's residence. At the time the Defendant was arrested, the officers found five hundred and forty-five dollars in cash, some of which was in his billfold and some of which was behind the chair in which he had been seated. The Defendant advised the officers that he did not know where the money had come from. Neither the money bag nor any cancelled checks or credit card receipts were recovered.

The Defendant was indicted for one count of robbery. See Tenn. Code Ann. § 39-13-401. A jury found him guilty as charged. Following a sentencing hearing, he was sentenced to six years in the Department of Correction. This appeal followed.

As his first issue, the Defendant argues that the evidence presented at trial was insufficient to support the verdict of guilty of robbery beyond a reasonable doubt.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from

circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Robbery is defined as the intentional or knowing theft of property from the person of another by violence or putting the person in fear. See Tenn. Code Ann. § 39-13-401. A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent. See Tenn. Code Ann. § 39-14-103.

The Defendant's specific argument on appeal is that the State did not prove beyond a reasonable doubt that the theft of the property from Wal-Mart was accomplished "by violence or putting the person in fear," as required by the definition of robbery. The argument focuses on the fact that the theft occurred so quickly that neither Ms. Rice nor Ms. McDowell were afraid until after the theft was over and therefore any "fear" did not occur until after the crime was committed. Therefore, he argues that the only way the robbery conviction can be upheld is if the State proved that the theft occurred by "violence." He asserts that the State's proof failed in this regard. We disagree.

In context of the definition of robbery, our Supreme Court has defined violence as "physical force unlawfully exercised so as to injure, damage, or abuse." State v. Fitz, 19 S.W.3d 213, 217 (Tenn. 2000). The evidence presented at trial was uncontroverted that the Defendant pushed Ms. Rice from behind immediately prior to grabbing the money bag. Ms. Rice testified that he pushed her on her shoulder with sufficient force to knock her into the counter, causing her to either drop the cash register drawer or knock it off onto the floor. She stated that the contact hurt her shoulder, making it sore for a couple of days. Immediately after the incident, she was frightened. We believe that these facts clearly establish that the theft was committed with violence: physical force unlawfully exercised so as to injure, damage or abuse. We therefore conclude that the evidence presented at trial is sufficient to support the jury's verdict of guilty of robbery beyond a reasonable doubt.

In his second issue on appeal, the Defendant argues that the trial court erred by enhancing his sentence to six years based upon facts not reflected in the jury verdict or admitted by the Defendant, in contravention of the recent holding of the United States Supreme Court in Blakely v. Washington, 124 S.Ct. 2531 (2004). In Blakely, the Supreme Court determined that, under the federal constitution, a defendant's sentence could be increased only if the enhancement factors relied upon by the judge were based on facts reflected in the jury verdict or admitted by the Defendant. See id., 124 S.Ct. at 2537. The Court concluded that "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment." 124 S.Ct. at 2543. The Blakely decision calls into question the validity of Tennessee's sentencing scheme, insofar as that scheme permits the trial courts to increase a defendant's presumptive sentence based upon enhancement factors found by the trial judge.

In this case, the Defendant was convicted of a Class C felony and sentenced as a Range I standard offender. His sentencing range was thus three to six years, and the presumptive sentence for his crime was three years. See Tenn. Code Ann. §§ 40-35-112, -210(c). The trial court enhanced the Defendant's sentence to the maximum of six years based upon the existence of five enhancement factors: (1) the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, (2) the offense involved more than one victim, (3) a victim of the offense was particularly vulnerable because of age or physical disability, (4) the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and (5) the Defendant, who was provided with a court-appointed counsel, willfully failed to pay the administrative fee assessed. See Tenn. Code Ann. § 40-35-114(2),(4),(5),(9), (22). Pursuant to Blakely, it appears that the trial court's enhancement of the Defendant's sentence for any reason other than the Defendant's previous history of criminal convictions was erroneous.

Even if Blakely did not prohibit application of the enhancement factors, based upon our review of the record, we do not believe the enhancement factors based upon a victim of the offense being particularly vulnerable because of age or physical disability, or the enhancement factor based upon the Defendant willfully failing to pay the administrative fee assessed for his court-appointed counsel, are warranted. We find no evidence in the record sufficient to establish the application of these factors.

Nevertheless, the Defendant does have a lengthy and extensive previous history of criminal convictions. Although the pre-sentence report includes numerous arrests for offenses which do not reflect convictions, and although the Defendant took issue with some parts of his prior criminal history as reported in the pre-sentence report, the following convictions are apparent: speeding, littering, criminal trespass, public intoxication, possession of marijuana, driving while under the influence, using a false identification, four convictions for theft, and two convictions for burglary.

The State argues that the Defendant waived any Blakely challenge because he failed to raise the issue at sentencing based upon Apprendi v. New Jersey, 566 U.S. 466, 490 (2000). The State also argues that any error the trial court committed in considering improper enhancement factors based upon Blakely is harmless beyond a reasonable doubt, because these enhancement factors would have been found by the jury if submitted and therefore the error does not undermine the purposes of the jury trial guarantee. Nevertheless, it is our view that the Defendant is entitled to have his sentence modified due to the misapplication of enhancement factors. Therefore, based upon our de novo review of the record, we have determined that the Defendant's previous history of criminal convictions is sufficient to warrant enhancement of his sentence from the presumptive minimum of three years to the enhanced sentence of five years.

Accordingly, the Defendant's conviction for robbery is affirmed. The sentence is modified from a term of six years to a term of five years, to be served in the Department of Correction.

_____
DAVID H. WELLES, JUDGE