# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## LARRY C. PITTMAN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6183      Joseph H. Walker, III, Judge**

---

**No. W2007-02442-CCA-R3-HC  - Filed July 30, 2008**

---

The petitioner, Larry C. Pittman, pro se, appeals the summary dismissal of his petition for writ of habeas corpus.  He argues that he is entitled to relief under *Blakely* because he submits that he was sentenced illegally.  The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  After careful review, we conclude that the habeas court's summary dismissal of the petition was appropriate, and we affirm the judgment from the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Larry C. Pittman, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The *pro se* petitioner appeals as of right the Lauderdale County Circuit Court's summary dismissal of his petition for a writ of habeas corpus.  In May 1984, the petitioner was convicted in Madison County of armed robbery and was sentenced to life imprisonment.  He alleges that he is entitled to habeas corpus relief because his sentence is illegal for exceeding the statutory minimum in violation of his Sixth Amendment right to trial by jury as interpreted in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).  After careful review, we conclude that the habeas corpus court's summary dismissal of the petitioner's petition was appropriate.

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment."  T.C.A. § 29-21-101.  Habeas corpus relief is limited and available only when it

appears on the face of the judgment or the record of proceedings that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for a writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. *See State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. *See State ex rel. Byrd v. Bomar*, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); T.C.A. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the trial court's finding *de novo* without a presumption of correctness. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001).

The petitioner argues that he is entitled to relief because his sentence exceeds the statutory minimum in violation of his Sixth Amendment right to trial by jury, as interpreted in *Blakely*. However, the State correctly argues that neither *Blakely* nor *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), created a new rule of law that was entitled to retroactive application to cases on collateral appeal and cannot form the basis of a habeas corpus petition. This court has previously stated that the *Blakely* holding is not to be applied retroactively. *See Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 355, at **7-8, (Tenn. Crim. App., May 1, 2007). Therefore, the judgment against the petitioner is not void, and the lower court properly denied habeas corpus relief.

The petitioner also argues that his sentence for armed robbery was a capital offense in 1984, and, therefore, the jury should have determined his sentence. He argues that it was error for the trial court to find that he had committed an especially aggravated offense because he inflicted serious bodily injury on the victim during the offense. First, we conclude that armed robbery was not a capital offense at the time the petitioner committed the offense. *See Freeman v. State*, 520 S.W.2d 739, 741-742 (Tenn. Crim. App. 1974).

The State contends that these claims would render his conviction and sentence voidable and not void because there is nothing appearing on the face of the judgment to indicate that the sentencing court lacked the statutory authority or jurisdiction to render the judgment. We agree. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE