IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE SESSION, 1996

**FILED**

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE, )
         ) No. 01C01-9509-CR-00317
  Appellee    )
         ) DAVIDSON COUNTY
vs.        )
         ) Hon. WALTER C. KURTZ, Judge
WILLIAM HENRY BARNEY, )
         ) (Rape of a Child, Aggravated
  Appellant    ) Sexual Battery, and Sentencing)


## SEPARATE CONCURRING OPINION


_____While I concur in the results, I do so for reasons other than those reached by the majority. Accordingly, I write separately addressing the issues of (1) sufficiency of the indictment, and (2) the appellant's due process claims.


First, the majority finds the indictment to be valid, relying upon State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993). I also find the indictment valid, however, I find Marshall inapplicable to this case. In Marshall, this court held that the *mens rea* is an essential element of an offense and, therefore, must be included in the indictment. Id. at 537. Moreover, if the requisite *mens rea* is implicit in the allegations contained in the indictment, the indictment is adequate. Id. The majority, apparently applying this rational, concludes that the requisite mental states of aggravated sexual battery and rape of a child are "implicitly included in the charging instrument." I respectfully disagree. I would adhere to this court's position in State v. Dison, No. 03C01-9602-CC-00051, (Tenn. Crim. App. at Knoxville, Jan. 31, 1997), in which we held that, when the statute defining the offense charged does not include a specific mental state, it is a general intent crime and does not require the allegation of a specific mental state in the charging instrument. Neither crime of aggravated

sexual battery nor rape of a child defines the mental state within the statutory definition of the offenses. This is consistent with the legislative intent because there is no one mental state: either intent, knowledge, or recklessness will suffice to establish the culpable mental state. Tenn. Code Ann. § 39-11-301(c). The majority, by concluding that "intentional" is the requisite mental state for aggravated sexual battery, has improperly placed upon the State a higher burden of proof than is statutorily required. See Tenn. Code Ann. § 39-13-504. Accordingly, I would find that the mental state, in the instant offenses, is not an essential element of these offenses and, therefore, need not be alleged in the indictment.

Second, the appellant contends that his five convictions for aggravated sexual battery should merge with his five convictions for rape of a child. More specifically, the appellant argues that his conduct, which involved rubbing the victim's penis in each instance, was necessarily incidental to the offense of rape and must be viewed as part and parcel of one crime. Admittedly, the appellant's conduct, which furnished the factual basis for the convictions for aggravated sexual battery, immediately preceded the act of rape.[1] The majority analyzes the issue presented under due process principles addressed in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). I find, however, that the issue before us, more appropriately, implicates principles of double jeopardy. Typically, Anthony claims involve factually unrelated offenses, the underlying issue being whether one offense is incidental to the other, e.g. whether kidnapping is incidental to the rape. This is not the situation before us. The question we must resolve is whether the appellant's conduct constitutes, as he claims, only one crime which stems from an indivisible course of conduct, i.e. rape of a child or, as the State claims, two separate and distinct offenses of aggravated sexual battery and

---

[1]As to each occurrence, the victim testified that "[The appellant] would place his hand on my penis and start rubbing, place his mouth on my penis and suck . . . ."

2

rape. If, as the appellant asserts, the conduct constitutes but one offense, then the double jeopardy protection against multiple punishment for the same offense would bar separate punishment for the unlawful sexual contact.[2] See State v. Phillips, 924 S.W.2d 662, 664 (Tenn. 1996).

To determine whether the touching of the victim's penis was a necessary act for the completion of the rape or whether the touching was an act discrete and separate from the subsequent rape requires consideration of the following: (1) whether the act was merely committed in preparation or facilitation of the subsequent rape; (2) whether the accused sustained a separate and distinct intent for each act; and (3) whether the legislature intended to proscribe punishment for each separate act. Phillips, 924 S.W.2d at 665. Often times, in cases involving sex offenses, determining whether the act was "prepatory" or "facilitatory" is not easily ascertained. The problem for the trial judge is further compounded by the fact that there is little uniformity on this subject. Generally, if the sexual contact would be considered a part of the rape, e.g., the removal of clothing, the application of lubricant, etc., then the contact is merely "prepatory" and cannot be the basis of a separate conviction. However, the mere probability that an unlawful contact may occur in the same criminal episode as a rape does not render it "prepatory" nor does it insulate the unlawful touching from separate punishment. If the contact was clearly not a part of the rape, but a part of a separate course of conduct, it can be held a separate offense. See People v. Slobodion, 191 P.2d 1, 5 (Cal. 1948).

Furthermore, a distinction exists between sexual contact designed to arouse and that contact solely intended to facilitate the rape. Contact intended to arouse is capable of producing its own attendant fear, humiliation, pain, and

---

[2]The appellant concedes that his separate convictions for aggravated sexual battery and rape of a child will withstand double jeopardy scrutiny under a Blockburger analysis.

3

damage to the victim. See Phillips, 924 S.W.2d at 665. Each contact requires a purposeful act on the part of the perpetrator committed to seek sexual gratification or inflict abuse. Id. Finally, the statutes at issue serve different purposes. While, as applicable to the instant case, both statutes protect small children, rape of a child is a crime of violence and addresses solely those evils associated with sexual penetration. See Ryion, No. 01C01-9511-CC-00365. Aggravated sexual battery, on the other hand, involves sexual gratification and seeks to punish the prurient impulses of the perpetrator. Id. Clearly, the legislature sought to punish the two as distinct harms for which protection through the criminal law is appropriate. Tenn. Code Ann. § 39-11-101.

Simply because two or more sexual offenses are committed in close proximity to the other does not mean that they may not form the basis for separate convictions. See State v. Denton, 938 S.W.2d 373, 381 (Tenn. 1996) (Discrete acts can justify multiple convictions.); Phillips, 924 S.W.2d at 662. Clearly, an offender should not be rewarded, under the pretense of double jeopardy or other constitutionally afforded protections, for repeated acts of deviant behavior upon his victim. The proof in the record establishes that the appellant harbored multiple criminal objectives of aggravated sexual battery and rape and that the sexual contact was not simply prepatory to the rape. The trial judge, in the instant case, observed:

> . . . [I]f the facts in this case were that [the appellant] touched a sex organ in order to get the sexual organ to his mouth. . .that was obviously necessary to commit the act. . . .[T]he testimony is that he appears to have began rubbing up and down. Now, that would indicate a separate act of masturbation unrelated to just moving the sex organ to where he could put his mouth on it.

I agree. The unlawful touching of the victim's penis was not merely prepatory to or a means of facilitating the subsequent oral penetration. It was unnecessary for the appellant to "masturbate" the victim in order for him to accomplish the act of fellatio. Thus, the appellant's conduct of "rubbing up and down" constitutes a

4

separate and distinct act from that of rape.  For the foregoing reasons, I would affirm the appellant's five convictions for aggravated sexual battery.

_____
DAVID G. HAYES, Judge