# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 15, 2000 Session

## STATE OF TENNESSEE v. ANTONIO KENDRICK

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 96-11229      Arthur Bennett, Judge**

---

### No. W1997-00157-SC-R11-CD - Filed March 1, 2001

---

We granted this appeal to determine whether the prosecution's failure to elect the particular offense of aggravated rape upon which it sought to convict the defendant constituted plain error and required a new trial. The main purpose of the election requirement is to preserve a defendant's right to a unanimous jury verdict under the Tennessee Constitution. A majority of the Court of Criminal Appeals affirmed the defendant's conviction for one count of aggravated rape without examining the election issue. After reviewing the record and controlling authority, we conclude that the prosecution's failure to elect the particular offense upon which it sought to convict the defendant failed to preserve the defendant's rights under the Tennessee Constitution and constituted plain error. The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the trial court for a new trial.

**Tenn. R. App. P. 11 - Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Remanded to the Trial Court For a New Trial**

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Pamela J. Drewery-Rodgers, Jackson, Tennessee, and Joseph S. Ozment, Memphis, Tennessee, for the appellant, Antonio Kendrick.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Perry Hayes, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 15, 1995, the defendant, Antonio Kendrick, forced the victim, Marcelita Hester, into his car. According to Hester, Kendrick was in possession of a metal bar or wrench. While driving,

the defendant asked Hester whether she remembered him and accused her of cursing at him at a grocery store on an earlier occasion. Hester did not recall Kendrick or any such incident. After awhile, Kendrick stopped the car; threatened to harm Hester; and forced her to perform fellatio on him. After driving for another five or ten minutes, Kendrick again stopped the car and forced Hester to engage in vaginal intercourse.

Kendrick was indicted for one count of aggravated rape and convicted of the offense by a jury.[1] A majority of the Court of Criminal Appeals upheld the conviction on appeal without addressing the election issue. Dissenting from the majority opinion, Judge Gary R. Wade concluded that there was evidence of two separate offenses of aggravated rape and that the trial court erred in failing to require the prosecution to elect the offense it relied upon to establish the conviction. Judge Wade concluded that the failure to elect the particular offense of aggravated rape violated Kendricks' constitutional rights and amounted to plain error. With respect to plain error, the rules provide that "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." Tenn. R. Crim. P. 52(b).

We granted review to consider the election of offenses issue.

## ANALYSIS

This Court has long and consistently held that "when the evidence indicates [that] the defendant has committed multiple offenses against a victim, the prosecution must elect the particular offense as charged in the indictment for which the conviction is sought." State v. Brown, 992 S.W.2d 389, 391 (Tenn. 1999). This requirement, which is grounded in part upon the Tennessee Constitution, has been reaffirmed and enforced by this Court on numerous occasions. See State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997); Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993); Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973).

The paramount importance of the election requirement is that it protects a defendant's right to a unanimous jury verdict under the Tennessee Constitution by ensuring that jurors deliberate over and render a verdict based on the same offense. State v. Brown, 992 S.W.2d at 391. As this Court has observed:

> [T]here should be no question that the unanimity of twelve jurors is
> required in criminal cases under our state constitution. A defendant's

---

[1] As pertinent to this case, aggravated rape is defined as "unlawful sexual penetration of a victim by the defendant or the defendant by a victim" where "force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon." Tenn. Code Ann. § 39-13-502 (a)(1) (1997).

right to a unanimous jury before conviction requires the trial court to take precautions to ensure that the jury deliberates over the particular charged offense, instead of creating a "patchwork verdict" based on different offenses in evidence.

State v. Shelton, 851 S.W.2d at 137 (citations omitted). The election requirement serves other interests as well: it enables a defendant to prepare for a specific charge; it protects a defendant against double jeopardy; it enables the trial court to review the weight of the evidence in its capacity as thirteenth juror; and it enables the appellate court to review the legal sufficiency of the evidence. See State v. Brown, 992 S.W.2d at 391.

Turning to the facts of this case with these principles in mind, we first address the State's threshold argument that an election of offenses was not required because the defendant's conduct constituted a single, continuous offense. As noted above, one of the elements of aggravated rape is "unlawful sexual penetration of a victim by the defendant or the defendant by a victim." See Tenn. Code Ann. § 39-13-502(a) (1997). The element of "unlawful sexual penetration" means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body . . . ." Tenn. Code Ann. § 39-13-501(7) (1997). The proof in this case established that Kendrick forced Hester to commit fellatio and forced Hester to have vaginal intercourse. Both of these acts met the definition of "unlawful sexual penetration" for the offense of aggravated rape. Id.

Like the statutory definitions, our case law also makes clear that the sexual acts committed in this case were separate and distinct. We have observed that "'although separate acts of intercourse may be so related as to constitute one criminal offense,'" the pertinent analysis requires consideration of numerous factors. See State v. Phillips, 924 S.W.2d 662, 664-665 (Tenn. 1996) (citation omitted). The factors include: the nature of the acts; the area of the victim's body invaded by the sexually assaultive behavior; the time elapsed between the discrete conduct; the accused's intent; and the cumulative punishment imposed. Id. at 665. In this case, Kendrick stopped the car and forced Hester to perform fellatio upon him; then, after driving for another five to ten minutes, he stopped the car again and forced Hester to engage in vaginal intercourse. Applying the factors under Phillips, we have no hesitation in concluding that the acts of sexual penetration – fellatio and vaginal intercourse – were separate and distinct offenses. We reject the State's contention that only one continuous offense was committed simply because the offenses were committed close in time and place.[2]

Given our conclusion that there was evidence of two separate offenses that would satisfy the definition of aggravated rape, we agree with Judge Wade's dissenting view that an election of

---

[2] Indeed, had the defendant been indicted for two separate counts based on the facts of this case, it is easy to envision that the State would have argued that the offenses were separate and distinct under Phillips.

offenses was required in this case. The record indicates, however, that the trial court did not require the prosecution to make an election of offenses and that the prosecution did not do so at the close of the evidence. Although the defense apparently did not request an election of offenses, we have stressed that the election requirement is a responsibility of the trial court and the prosecution and, therefore, does not depend on a specific request by a defendant. See State v. Walton, 958 S.W.2d at 727 ("plain error is an appropriate consideration for an appellate court whether properly assigned or not"); Burlison v. State, 501 S.W.2d at 804 (election requirement "should not depend on [a] demand therefor"). Moreover, the record indicates that the trial court did not augment its charge to the jury with an instruction that would have required that the verdict of each juror be united on one offense. See Burlison v. State, 501 S.W.2d 804.

As our cases have made crystal clear, the prosecution's failure to elect was an error that was "fundamental, immediately touching [upon] the constitutional rights of [the] accused." Burlison v. State, 501 S.W.2d at 804. We also reject the State's alternative argument that the failure to comply with the election requirement was harmless simply because the jury rejected the defendant's alibi defense and accredited the victim's testimony. We have earlier said in this regard:

> It has been suggested that when a defendant denies all sexual contact with the victim, but the proof is sufficient to support guilty verdicts beyond a reasonable doubt on all of the offenses in evidence, an election is unnecessary. . . . [A]n appellate court's finding that the evidence is sufficient to support convictions for any of the offenses in evidence is an inadequate substitute for a jury's deliberation over identified offenses.

State v. Shelton, 851 S.W.2d at 138; see also Tidwell v. State, 922 S.W.2d at 501. In sum, the prosecution failed to comply with the well-established requirement that it must elect the particular offense upon which it seeks a conviction. That failure violated the defendant's constitutional rights and amounted to plain error that requires a new trial.

## CONCLUSION

After reviewing the record and controlling authority, we conclude that the prosecutor's failure to elect the particular offense upon which it sought a conviction failed to preserve the defendant's rights under the Tennessee Constitution and constituted plain error. Tenn. R. Crim. P. 52(b). Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the trial court for a new trial. Cost of this appeal shall be taxed against the State.

_____

RILEY ANDERSON, CHIEF JUSTICE