**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**DECEMBER 1998 SESSION**

**FILED**

**August 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9708-CR-00319 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Arthur T. Bennett, Judge |
| | ) |
| **ANTONIO M. KENDRICK,** | ) (Aggravated Rape) |
| | ) |
| Appellant. | ) |

_____ **DISSENTING OPINION**

      I write separately to address whether the trial court erred by failing to require the state to elect the proof it relied upon for a conviction. While I concur in the results of the remaining issues addressed by the majority, in my view, the state's failure to make an election qualified as plain error. On that basis, I would reverse the judgment of conviction and remand for a new trial.

      The trial court has a duty to require the state, at the close of its case-in-chief, to elect which proof it relies upon for a conviction where evidence of more than one instance of sexual misconduct has been presented to the jury. Jamison v. State, 94 S.W. 675 (Tenn. 1906); Burlison v. State, 501 S.W.2d 801 (Tenn. 1973); State v. Shelton, 851 S.W.2d 134, 136 (Tenn. 1993). An election by the state is required under such circumstances regardless of whether the defendant makes a demand. Burlison, 501 S.W.2d at 804. The trial court has a duty to properly instruct the jury so that the verdict of each juror is "united on the one offense." Id. at 804. An election serves three fundamental purposes:

> First, to enable the defendant to prepare for and make
> his defense to the specific charge; second, to protect him
> from double jeopardy by individualization of the issue,

> and third, so that the jury's verdict may not be a matter of choice between offenses, some jurors convicting on one offense and others, another.

Id. at 803. The failure of the trial court to require an election or to properly instruct the jury as to the state's election constitutes plain error. State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997); State v. Clabo, 905 S.W.2d 197, 204 (Tenn. Crim. App. 1995)(citing State v. Ogle, 666 S.W.2d 58, 60 (Tenn. 1984)). In Clabo, this court found plain error because the trial court failed to request an election of proof regarding the rape of a child victim. Judge Peay, writing for this court, reasoned as follows:

> The State provided proof that the defendant performed oral and anal sex on the victim. These are two separate acts, each constituting penetration under the charge of aggravated rape. Yet, the defendant was only charged with one count of aggravated rape. The court presented to the jury the proof and allegations of two acts and asked the jury if the defendant could be convicted of one count of this act. Therefore, some jurors could have concluded that the defendant was guilty based upon the proof of the oral sex and not the anal sex, and some jurors could have concluded that the defendant was guilty based upon the proof of the anal sex and not the oral sex. The defendant may have been convicted by a jury of less than twelve (12). Since all twelve (12) members did not have to find the same facts or draw the same conclusions, we find that a grave constitutional error was committed in that the defendant may have been denied a unanimous jury verdict.

Clabo, 905 S.W.2d at 205.

The facts here are similar. There was a single count indictment for aggravated rape. The victim testified that the defendant was armed with a weapon and forced her to perform fellatio on him for five to ten minutes. As he drove to a second location, he demanded that she continue to perform fellatio. Upon their arrival, the defendant forced the victim to engage in sexual intercourse. The jury heard evidence of at least two separate acts of unlawful penetration. Each act spanned several minutes and involved different areas of the victim's body and

2

differing physical positions. Each occurred at a different location. Although unclear as to the amount of time that elapsed between the two incidents, the record does demonstrate that the defendant talked and argued with the victim during that time. He threatened her, insisted that she prove that she was menstruating, and placed a condom on his penis. Before penetrating the victim, the defendant stated, "[T]his is to make up for what you did to me ...." See State v. Phillips, 924 S.W.2d 662, 665 (Tenn. 1996).

In Phillips, our supreme court observed that "[e]ach act ... is capable of producing its own attendant fear, humiliation, pain, and damage to the victim. Each type of penetration requires a purposeful act on the part of the perpetrator." Id. at 665. Here, the victim described both acts in detail. This was not an instance in which the state elicited detailed information about one act and only general allegations of other acts. See Clabo, 905 S.W.2d at 204-05. The trial court instructed the jury that the definition of unlawful penetration included both fellatio and sexual intercourse but did not provide an augmented unanimity instruction. It neither required the state to elect nor instructed the jury to determine which act of penetration could be considered for a conviction. As in Clabo, it is impossible to determine which sexual act the jurors may have relied upon in reaching their verdicts. "[E]ach juror was left to choose independently the act(s) of abuse upon which to base a verdict." Walton, 958 S.W.2d 727-28.

I should point out that the closing arguments were not transcribed and are not included in the record for our review. A divided panel of this court has held that a prosecutor's closing argument may "effectively" serve as an election. State v. William Dearry, No. 03C01-9612-CC-00462, slip op. at 25 (Tenn. Crim. App., at Knoxville, Feb. 6, 1998), app. denied, (Tenn., Jan. 19, 1999). While that holding

might support the view of the majority in that the defendant has failed to provide an adequate record for the disposition of the issue, I do not believe that the trial courts should be relieved of the duty to require an election or to instruct the jury that there must be a unanimous verdict on a single charge.  Here, the instructions included no mention of any election by the state, formal or otherwise.  The requirement of an election is "fundamental, immediately touching the constitutional rights of an accused...." Burlison, 501 S.W.2d at 804.  In consequence, I would reverse and remand for a new trial.

_____
Gary R. Wade, Presiding Judge