IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2012

## KEVIN DeWITT FORD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-A-600, 601      Cheryl Blackburn, Judge**

_____

**No. M2011-02105-CCA-R3-CO - Filed October 1, 2012**

_____

On January 18, 2011, Petitioner, Kevin DeWitt Ford, filed a *pro se* petition for writ of error coram nobis. He subsequently submitted two amended petitions, also *pro se*. Petitioner attacked seven convictions in the Davidson County Criminal Court for aggravated robbery. Petitioner pled guilty to the offenses but reserved for appeal a certified question of law. On appeal, this court affirmed the convictions. *State of Tennessee v. Kevin DeWitt Ford and Clifford Sylvester Wright*, No. M2003-00957-CCA-R3-CD, 2005 WL 677280 (Tenn. Crim. App. Mar. 23, 2005) *perm. app. denied*, (Tenn. Oct. 24, 2005). Petitioner's post-conviction relief petition was denied by the trial court. This Court affirmed. *Kevin DeWitt Ford v. State of Tennessee*, No. M2007-01727-CCA-R3-PC, 2009 WL 564226 (Tenn. Crim. App. Mar. 5, 2009) *perm. app. denied* (Tenn. June 15, 2009). The coram nobis court dismissed the petition, as amended, without an evidentiary hearing, on two bases. First, the petition was filed outside the applicable statue of limitations. Second, even if the petition had been timely field, it did not state a cognizable claim for a writ of error coram nobis. We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, PJ., and NORMA MCGEE OGLE, J., joined.

Kevin DeWitt Ford, Only, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General, and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

On March 27, 2003, Petitioner pled guilty to the following aggravated robberies, as set forth in the indictments:

| Indictment | Count | Date of Offense | Victim |
| --- | --- | --- | --- |
| 2001-A-600 | 3 | May 15, 2000 | Christopher A. Jayne |
| 2001-A-600 | 4 | November 4, 2000 | Joseph Lamont Vannoy |
| 2001-A-601 | 7 | December 20, 1999 | Mary Dusk |
| 2001-A-601 | 12 | April 19, 2000 | Kevin Cobb |
| 2001-A-601 | 28 | June 11, 2000 | Teresa Alaboudi |
| 2001-A-601 | 30 | June 12, 2000 | Kelly Harrell |
| 2001-A-601 | 43 | September 6, 2000 | Linda Gail King |

Petitioner received a sentence of ten years for each conviction. There was some consecutive sentencing involved which resulted in a total effective sentence of fifty years. Indictment number 2001-A-600 had four counts and indictment number 2001-A-601 had sixty counts. As part of the plea agreement, all counts to which Petitioner did not plead guilty were either dismissed or retired. As is shown above, all of the convictions for aggravated robbery were for offenses which occurred on different dates with different victims involved.

In Petitioner's pleadings in the coram nobis trial court, and in his brief on appeal, Petitioner alleges a plethora of legal arguments and conclusions, but ultimately the focus of his attack on the convictions relates to the indictments. The four issues presented by Petitioner in his brief, in his wording, are set forth as follows:

I. The trial court erred in not allowing Appellant's writ of error to lie pursuant to Tenn. Code Ann. § 40-26-105(a) and (b)

II. The trial court factual findings are erroneous and in direct contravention with the Tennessee Supreme Court and the [ ] Court of [Criminal] Appeals factual findings, regarding a multiplicitous

indictment and the protection of the double jeopardy clause of the [United States Constitution] 5th Amendment

III.   Appellant Ford's *claimed issue* of the multiplicitous indictment required an opportunity to be heard; and the vacating of the conviction(s) and sentence(s) pursuant to Tenn. R. Crim. P. 52(b) plain error rule

IV.   The trial court abused its authority and violated the Davidson County local rules of court in its order filed on August 29, 2001

All of Petitioner's claims for relief on appeal are dependent upon the validity of his claim that he is entitled to statutory coram nobis relief because his rights guaranteed under the United States Constitution were violated when he was led to plead guilty to multiplicitous indictments. In his petition for coram nobis relief, Petitioner asserts that his rights under all of the first ten amendments to the Constitution (including, specifically his Second Amendment right to bear arms) were violated by the multiplicitous indictments.

Petitioner's reasoning in his argument can best be relayed by quoting from his brief on appeal:

Appellant Ford filed his initial Writ of Error Coram Nobis Petition . . . in the Criminal Court of Davidson County, Tennessee, after a Prison Legal Aid had informed him that his INDICTMENTS [sic] are MULTIPLICITOUS [sic] and that his conviction(s) and judgment(s) are VOID [sic] under MULTIPLICITY [sic] of the Double Jeopardy Clause under the U.S.C. 5th Amendment and Article I § 9 of the Tennessee Constitution.

* * *

The trial court and Appellant's trial attorney allowed him to plead guilty in open court to multiple counts of a Multiplicitous Indictment under case numbers 2001-A-600 and 601 for the same statutory offense of T.C.A. § 39-13-402 Aggravated Robbery on March 27, 2003. The trial court and Appellant's trial attorney failed to inform him of the right in open court to be free and protected from DOUBLE JEOPARDY [sic] under the U.S.C. 5th Amendment and Tenn. Const. Art. I § 9.

* * *

In both indictments, the aggravated robberies were predicated on the same statutory offenses of T.C.A. § 39-13-402 Aggravated Robbery. In other words the state was required to prove the exact same elements in regards to both indictments, thus exposing Appellant to the possibility of multiple punishment for the same statutory offense of Tenn. Code Ann. § 39-13-402 Aggravated Robbery and leaving the Appellant unprotected against double jeopardy. . . . "A multiplicitous indictment violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense."

Due to the insufficiency/multiplicity of the indictment, the Appellant was sentence[d] to seven (7), ten (10) year sentences to run consecutive. [sic] In other words the Appellant was convicted in five [sic] different counts for the same offense of T.C.A. 39-13-402 Aggravated Robbery.

\* \* \*

Here the acts of the Appellant clearly met the definition of a continuing crime, thus, Appellant violated _one statutory provision_ [sic] of T.C.A. 39-13-402 Aggravated Robbery and the Appellant's multiplicitous argument must prevail.

In order to justify tolling of the one year statute of limitations for filing a corum nobis petition, Petitioner alleged in his petition that he obtained "new evidence" of the violation of his constitutional rights to be protected from multiplicitous indictments. He specifically alleged that he did not become aware of the "evidence" of the Constitutional violation "until January 4, 2011 at 1:39 p.m."

*Analysis*

We will collectively address Petitioner's first three designated issues on appeal. Tennessee Code Annotated section 40-26-105 provides as follows regarding the writ of error coram nobis in *criminal* proceedings:

**40-26-105. Writ of error coram nobis**.

(a)     There is made available to convicted defendants in *criminal cases* a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, *except* insofar *as inconsistent herewith*. Notice of the suing out of the

writ shall be served on the district attorney general. No judge shall have authority to order the writ to operate as a supersedeas. The court shall have authority to order the person having custody of the petitioner to produce the petitioner in court for the hearing of the proceeding.

(b) The relief obtainable by this proceeding *shall be confined* to errors dehors the record and to matters that were not or *could not* have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain *evidence* at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

(Emphasis added).

As recently explained by our Supreme Court, "the burden of proof on a petitioner for the grant of coram nobis relief is indeed heavy. The statute confines review to errors *outside* of the record. . . ." *Wlodarz v. State*, 361 S.W.3d 490, 499 (Tenn. 2012) (emphasis added).

Obviously, the purported issue of "multiplicitous indictments" is not "outside of the record." Furthermore, Petitioner's assertion that the *legal argument* that the indictments were multiplicitous is "evidence" is also misplaced. A legal theory for relief is not "evidence" as contemplated by the error coram nobis statute.

Finally, the convictions attacked by Petitioner are *not* the result of multiplicitous indictments. In *State v. Phillips*, 924 S.W.2d 662 (Tenn. 1996), our supreme court defined multiplicitous indictments as follows:

Multiplicity concerns the division of conduct into discrete offenses, creating several offenses out of a single offense.[ ] Several general principles determine whether offenses are "stacked" so as to be multiplicitous:

1. A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;[ ]

-5-

2. If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; [6] and

3. Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.[ ]

*Id*., at 665 (footnotes omitted).

As noted above, each aggravated robbery for which Petitioner was convicted occurred on a different date, against a different victim. These were seven separate wrongful acts, each requiring proof of a victim different from all other wrongful acts, and the time of the offenses separated and distinguished the commission of the offenses.

As to Petitioner's meritless issue that the coram nobis court erred by failing to follow its own local rule of court and grant his petition because the State did not file a responsive pleading, we note that the rule applies in civil cases as to *motions*. It does not, and could not, apply to grant default judgment against the State in a coram nobis proceeding in order to set aside felony convictions based solely upon the State's failure to file a responsive pleading. *See* Tenn. R. Civ. P. 55.04. Petitioner was not entitled to any relief in the coram nobis trial court and thus is not entitled to relief on appeal.

## CONCLUSION

The judgment of the coram nobis court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-6-