IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs August 14, 2012

## STATE OF TENNESSEE v. BARRY H. HOGG

**Appeal from the Criminal Court for Wilson County**
**No. 10-CR-57    David Earl Durham, Judge**

_____

**No.  M2012-00303-CCA-R3-CD - Filed April 16, 2013**

_____

Appellant, Barry Hogg, was indicted by the Wilson County Grand Jury for eleven counts of especially aggravated sexual exploitation of a minor, nine counts of criminal exposure to HIV, nine counts of aggravated statutory rape, and one count of sexual battery.  Prior to trial, the State dismissed one count of sexual battery, two counts of criminal exposure, and three counts of aggravated statutory rape. A jury found Appellant guilty of the remaining counts, including eleven counts of especially aggravated sexual exploitation, seven counts of criminal exposure of another to HIV, and six counts of aggravated statutory rape.  As a result of the convictions, the trial court sentenced Appellant to twelve years at one hundred percent incarceration for the especially aggravated sexual exploitation convictions, six years at thirty percent for each of the criminal exposure of another to HIV convictions, and four years at thirty percent for each of the aggravated statutory rape convictions.  The trial court ordered the convictions for especially aggravated sexual exploitation to be served consecutively to the seven convictions for criminal exposure of another to HIV and consecutively to each other.  The trial court ordered Appellant's aggravated statutory rape sentences to run concurrently with one another and with all other counts, for a total effective sentence of 174 years.  Appellant appeals his convictions, contesting the sufficiency of the evidence and his sentences.  After a review of the record, we determine that the evidence was sufficient to support the convictions and that the evidence supported individual convictions for events that occurred during one sexual encounter.  Further, the trial court properly sentenced Appellant.  Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are**
**Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee; Comer L. Donnell, District Public Defender and William K. Cather, Assistant Public Defender, for the appellant, Barry H. Hogg.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew Coulam, Assistant Attorney General; Tom P. Thompson, District Attorney General, and Thomas Swink, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. FACTS

Appellant was a friend of the family of the victim,[1] who was fourteen years old when Appellant bought him a sex toy, some lubricant, and incense for his birthday. The incense was designed to be snorted to provide the user with a high.

At some point around the time of the victim's birthday Appellant took him to an abandoned store in Wilson County. While at this location, Appellant and the victim engaged in various sexual acts, including the penetration of the victim's anus by Appellant's penis, fellatio, manual stimulation of the victim's penis, and masturbation. The events occurred during a period of about one hour. Appellant recorded some or all of the acts with a digital camera. The victim engaged in the acts willingly despite his intoxication and age. Unbeknownst to the victim, Appellant had been diagnosed as HIV positive in 2006.

Shortly after the incident, someone reported to the Smith County Sheriff's Office that Appellant had kidnapped the victim. Appellant was interviewed by officers and denied kidnapping the victim. He admitted during the interview that he knew the victim and had purchased a sex toy for the victim's birthday. Appellant also informed authorities that he took pictures of the victim but denied that the pictures were obscene.

The victim was interviewed. At first, he claimed that he was kidnapped by Appellant. However, the victim later told authorities that Appellant had taken him to an abandoned store and the two had engaged in sexual activity.

Appellant was interviewed by Officer Carlo Sguanci of the Fifteenth Judicial Drug and Violent Crime Task Force. During the interview, Appellant admitted that he had both anal and oral sex with the victim on the weekend after the victim's fourteenth birthday. Appellant admitted that he did not use sexual protection during the encounter and referred

---

[1]It is the policy of this Court to protect the privacy of minor victims of sexual abuse.

to it as a "play date." Appellant also admitted that he possessed video recordings of his sexual encounter with the victim and multiple pictures of the victim performing fellatio.

At trial, Officer Sguanci testified that Appellant appeared "aroused" during the interview, touching his crotch and breasts while giving his statement.

Appellant's computer and digital camera were seized during the execution of a search warrant. Appellant was present for the search and was able to show officers where the "naughty videos and pictures" were located. Appellant admitted ownership of both the computer and camera that were seized during the search. On the computer, eleven video files were recovered from the hard drive. The video recordings depicted Appellant and the victim engaged in various sexual acts and ranged in length from two seconds to four minutes and two seconds. The images were created on September 6, 2009, between 3:23 p.m. and 4:31 p.m. The files were downloaded from the camera to the computer two days later.

Melanie Garner, a Special Agent with the Tennessee Bureau of Investigation, testified about the video recordings recovered from the computer. She was unable to discern how many times the files had been accessed since they were downloaded to the computer or whether they represented one continuous sexual act. She was able to confirm that the videos all appeared to have been shot at the same location with the same parties.

Dr. Catherine McGowan, an infectious disease specialist at Vanderbilt University, testified for the State. Dr. McGowan was Appellant's treating physician and was certified as an expert by the trial court. She confirmed that Appellant was diagnosed as HIV positive in November of 2006. As part of the diagnosis, Appellant received counseling on the transmission of HIV and the importance of safe sex and/or abstinence.

According to Dr. McGowan, Appellant had complained of trouble ejaculating or "dry penis" in February of 2007. Dr. McGowan explained that Appellant's issue was secondary to inflammation caused by tying a string around Appellant's penis to prolong an erection. Appellant did not voice any complaints of sexual dysfunction around the time of the sexual encounter with the victim. In fact, doctor's visits on November 26, 2008, February 25, 2009, and December 8, 2009, indicated, "Not present - sexual dysfunction."

From Appellant's medical records, Dr. McGowan testified that Appellant's "viral load"[2] was increasing during the period in which the acts in question took place. Appellant's viral load was undetectable in February of 2009 but detectable at a low level in October of 2009. Dr. McGowan explained that the higher the viral load, the more infectious the person

_____

[2]Viral load is the measure of the quantity of the HIV virus found in a patient's fluid specimen.

is to uninfected individuals. However, she stated that different bodily fluids could contain different levels of the virus and a person can infect another individual even when their viral load is so low as to be undetectable by current laboratory measures.

Dr. McGowan detailed three risk factors in transmitting HIV from one person to another: (1) the type of contact; (2) the presence and quantity of exchanged bodily fluids; and (3) the infected individual's viral load quantity. Dr. McGowan stated that the following activities could potentially transmit the HIV virus to an uninfected individual: anal sex, fellatio, digital penetration of the anus, licking the anus, and manual stimulation of the uninfected person's penis. Dr. McGowan explained that not all of these activities carried the same risk of transmission. In her opinion, sex carries the highest risk of transmission and manual stimulation of the penis bears the lowest risk of transmission. Additionally, Dr. McGowan explained that lower-risk activities can have increased risk of transmission of the virus when sores, blood, or other bodily fluids are present. Bodily fluids include blood, ejaculate, genital secretions, and mucosal fluid.[3] She stated that a person infected with HIV need not ejaculate to transmit the virus to another person.

Appellant did not testify at trial. At the conclusion of the proof, the jury found Appellant guilty of eleven counts of especially aggravated sexual exploitation of a minor, seven counts of criminal exposure of another to HIV, and six counts of aggravated statutory rape. After a sentencing hearing, the trial court sentenced Appellant to an effective sentence of 174 years in incarceration.

Appellant filed a motion for new trial. The motion was denied by the trial court. Appellant subsequently filed a timely notice of appeal. He challenges the sufficiency of the evidence and his sentence.

*Analysis*
*Sufficiency of the Evidence*

Appellant insists on appeal that the evidence is insufficient to sustain his convictions for criminal exposure of another to HIV because the State "did not prove Appellant placed the alleged victim in a 'significant risk of HIV transmission'" as required by statute. Appellant acknowledges that there is "no question" that the State proved that there was sexual contact between him and the victim but contends that the State failed to prove all elements of the offense. In the alternative, Appellant argues that "there should only be one (1) conviction as the sexual encounter was one (1) continuous act." The State, on the other hand, regards Appellant's arguments as "unavailing." The State submits that Appellant

---

[3]Mucosal fluid is contained in the penis and is different from ejaculate or semen.

-4-

criminally exposed the victim to HIV regardless of whether he actually ejaculated and that the eleven different and unique videos of the sexual encounter occurring during a single sexual episode can sustain multiple convictions for the acts.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

### A. Criminal Exposure to HIV

Appellant was convicted of seven counts of Tennessee Code Annotated section 39-13-109. Tennessee Code Annotated section 39-13-109 provides, as is pertinent to this case, that "[a] person commits the offense of criminal exposure of another to human immunodeficiency virus (HIV) when, knowing that the person is infected with HIV, the person knowingly . . . [e]ngages in intimate contact with another." T.C.A. § 39-13-109. " 'Intimate contact with another' means exposure of the body of one person to a bodily fluid of another person in any manner that presents a significant risk of HIV transmission." *Id.* § 39-11-109(b)(2).

This Court has examined the interpretation of the criminal exposure statute. In *State v. Bonds*, 189 S.W.3d 249 (Tenn. Crim. App. 2005), a panel of this Court utilized the basic principles of statutory construction to conclude:

> [T]he use of the word "exposure" requires something less than actual contact with bodily fluids. Consequently the statute at issue requires that for a defendant to be found guilty of criminal exposure of another to HIV via intimate contact, the prosecution need only show that the defendant subjected the victim to the risk of contact with the Defendant's bodily fluids.
>
> . . . [T]he Tennessee legislature's use of the word "exposure" in the statute at issue . . . require[s] only evidence that a defendant subjected a victim to risk of contact with bodily fluids in a manner that would present a significant risk of HIV transmission. Furthermore, we find this language, including the word "exposure," unambiguous. . . . While the criminal code drafters could have required actual contact with or transfer of bodily fluids in the criminal exposure of another to HIV statute, they elected instead to require only "exposure" to bodily fluids. . . . In this case, we conclude that when the Defendant, with knowledge that he was HIV positive, raped the victim by anal penetration, and he "exposed" the victim to bodily fluids, i.e., made his bodily fluids accessible to the victim, in a manner that presented a significant risk of HIV transmission.

189 S.W.3d at 258. Importantly, the Court concluded that "'exposure'" to bodily fluids requires no more than subjecting the victim to a risk of contact." *Id.*[4]

Viewing the evidence in the case herein in the light most favorable to the State and utilizing the standard set forth for exposure by this Court in *Bonds*, we conclude that the State presented sufficient evidence that Appellant subjected the victim to the risk of contact with Appellant's bodily fluids. Dr. McGowan testified at trial that Appellant was aware of his HIV status and was educated on the ways that the disease could be transmitted. Dr. McGowan testified that the risk of transmission depended on the method of contact and the presence and quantity of exchanged bodily fluid as well as the infected person's viral load. Further, the doctor explained that ejaculation was not necessary to expose the victim to HIV. The proof showed that Appellant penetrated multiple orifices of the victim, including his anus and his mouth. Appellant also performed fellatio on the victim, licked the victim's anus, and manually stimulated the victim's penis and anus. The victim also performed fellatio on Appellant. These acts by Appellant certainly subjected the victim to the risk of contact with Appellant's bodily fluids. The evidence was sufficient to support the convictions for criminal exposure to HIV. Appellant is not entitled to relief.

### B. Multiple Counts During One Transaction

Appellant argues that because the acts in question took place during one period of time they are so intertwined that they were a single act and can only support a single conviction. The State, as stated above, disagrees.

Appellant was convicted of eleven counts of especially aggravated sexual exploitation, seven counts of criminal exposure of another to HIV, and six counts of aggravated statutory rape. Especially aggravated sexual exploitation is defined as "knowingly promot[ing], employ[ing], us[ing], assist[ing], transport[ing], or permit[ting] a minor to participate in the

_____

[4]To support the conclusion, the Court cited five cases pertaining to this offense that have reached this Court, noting that four of the five upheld convictions based only on evidence of unprotected sexual intercourse or mere sexual involvement with a victim without a requirement of actual contact with or physical transmission of bodily fluids. *See State v. Michael Danelle Harvey*, No. W2001-01164-CCA-R3-CD, 2002 WL 1162346, at *1 (Tenn. Crim. App., at Jackson, May 31, 2002) (upholding a conviction based upon "unprotected sex"); *State v. Martin Charles Jones*, No. E1999-01296-CCA-R3-CD, 2001 WL 30198, at *1 (Tenn. Crim. App., at Knoxville, Jan. 12, 2001) (upholding a guilty plea based on a defendant who was "sexually involved" with the victims); *State v. Pamela Denise Wiser*, No. M1999-02500-CCA-R3-CD, 2000 WL 1612363, at *2 (Tenn. Crim. App., at Nashville, Oct. 30, 2000) (upholding multiple convictions for engaging in "unprotected sex"); *State v. Chester Lebron Bennett*, No. 03C01-9810-CR-00346, 1999 WL 544653, at *1 (Tenn. Crim. App., at Knoxville, July 28, 1999) (upholding guilty plea based on "unprotected sexual encounters").

performance of, or in the production of, acts or material that includes the minor engaging in" either sexual activity or stimulated sexual activity. T.C.A. § 39-17-1005(a). The statute goes on to say that a person may be charged "in a separate count for each individual performance, image, picture, drawing, photograph, motion picture film, videocassette tape, or other pictorial representation." *Id.* 39-17-1005(b). Further, aggravated statutory rape is defined as, "the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim." T.C.A. § 39-13-506(c).

Our supreme court has suggested the following five factors to consider in determining whether sexual conduct is a single continuous act:

1. The nature of the act;

2. The area of the victim's body invaded by the sexually assaultive behavior;

3. The time elapsed between the discrete conduct;

4. The accused's intent, in the sense that the lapse of time may indicate a newly formed intent to again seek sexual gratification or inflict abuse; and

5. The cumulative punishment.

*State v. Phillips*, 924 S.W.2d 662, 665 (Tenn. 1996). "[T]he presence and absence of any one factor or a combination of them other than the nature of the act is not determinative of the issue." *Id.* At trial, the State introduced eleven separate video clips taken by Appellant's digital camera and downloaded to Appellant's computer. In the video clips, Appellant penetrated multiple orifices of the victim, including his anus and his mouth. Appellant also performed fellatio on the victim, licked the victim's anus, and manually stimulated the victim's penis and anus. The victim also performed fellatio on Appellant. Each video clip was separate and distinct, despite the fact that the entire encounter lasted, at most, one hour. We find that each act "is capable of producing its own attendant fear, humiliation, pain, and damage to the victim," and "[e]ach type of penetration requires a purposeful act on the part of the perpetrator." *Id.* We therefore conclude that Appellant was properly convicted. Appellant is not entitled to relief on this issue.

*Sentencing*

Appellant argues that his sentence of 174 years is excessive. Specifically, Appellant insists that the total time of the sexual encounter was, at most, one hour and comprised of one

continuous event. Additionally, there was no proof that Appellant ever ejaculated. Thus, the trial court essentially sentenced Appellant to 174 years for one crime. The State argues that Appellant's argument that his crimes were one continuous act fails and that he was properly sentenced by the trial court.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 706 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, under *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." 380 S.W.3d at 709-10.

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; . . . .

T.C.A. § 40-35-115(b)(5). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

The trial court herein properly considered the factors consistent with the purposes and principles of sentencing before imposing Appellant's sentences including the presentence report and the potential mitigating and enhancement factors. The trial court commented on the "graphic and gruesome" nature of Appellant's crimes and noted with particular distaste Appellant's action of videotaping the account to view at his own pleasure, describing the acts as "abominable." After considering all the evidence, the trial court sentenced Appellant to twelve years at 100 percent for each of the eleven convictions for especially aggravated sexual exploitation. Appellant was sentenced to six years as a Range I, standard offender for each of the seven counts of criminal exposure of another to HIV. Lastly, Appellant was sentenced to four years for each of the six counts of aggravated statutory rape. As to consecutive sentencing, the trial court noted that the statute for especially aggravated sexual exploitation, Tennessee Code Annotated section 39-17-1005(d), specifically permits consecutive sentencing for joint convictions even if arising out of the same conduct and that consecutive sentencing was justified based upon the fact that Appellant committed multiple sex crimes against a minor, as outlined in Tennessee Code Annotated section 40-35-115(b)(5). Thus, the trial court ordered that the sentences in counts one through nineteen run consecutively to each other, for a total effective sentence of 174 years, 132 of those years to be served at 100 percent. The trial court ordered that the remaining convictions for aggravated statutory rape run concurrently with each other and the remaining sentences. We cannot say that the trial court abused its discretion in applying the sentence herein. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____

JERRY L. SMITH, JUDGE